# EXHIBIT 2

ENQUGF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAVENSIGHT CAPITAL LLC,<br><br>    Plaintiff,<br><br> v.<br><br>NIKE, INC., et al.,<br><br>    Defendants. | **CASE NO. CV 14-7153-R \*\***<br>CASE NO. CV 14-8985-R<br><br>ORDER DECLARING HAVENSIGHT<br>CAPITAL LLC TO BE A VEXATIOUS<br>LITIGANT |

   The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent authority "to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). However, such pre-filing orders are an extreme remedy that should rarely be used as these orders can tread on a litigant's due process right of access to the courts. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

   The *DeLong* court outlined four factors for district courts to examine before entering pre-

1  filing orders. First, the litigant must be given notice and a chance to be heard before the order is
2  entered. *DeLong*, 912 F.2d at 1147. Second, the district court must compile "an adequate record
3  for review." *Id.* at 1148. Third, the district court must make substantive findings about the
4  frivolous or harassing nature of the plaintiff's litigation or, alternatively, that the litigant's filings
5  show a pattern of harassment. *Id.* Finally, the vexatious litigant order must be narrowly tailored
6  to closely fit the specific vice encountered." *Id*.

7  To satisfy the first of *DeLong*'s factors, the litigant must be given notice and a chance to be
8  heard before the order is entered. *DeLong*, 912 F.2d at 1147. This ensures that the requirements
9  of due process have been complied with, as these restrictions can tread on a litigant's due process
10 right of access to the judicial system.

11 Here, on December 23, 2014, Plaintiff was warned by this Court that filing frivolous
12 motions or briefing, contacting Nike directly to make threats of criminal charges in order to coerce
13 a settlement, and making false or deceptive statements to the Court would result in the imposition
14 of sanctions and a pre-filing condition. (Case No. 14-8985, Dkt. No. 74). Again on February 3,
15 2015, Plaintiff appeared before the Honorable Otis D. Wright, II, and was warned that Plaintiff's
16 motions were frivolous and that the Court would impose considerable sanctions, including
17 reporting Plaintiff's counsel, Mr. Woodhouse, to the California State Bar, if he filed another
18 repetitious motion:

19 THE COURT: Due process requires that you be given a fair opportunity -- that you were
20 facing sanctions and an opportunity to defend yourself. I'm giving you notice. I'm giving
21 you notice that the Court will consider considerable sanctions, okay? You do this again --
22 MR. WOODHOUSE: Yes, sir. Understood, sir.
23 THE COURT: -- and trust me on this, okay?
24 MR. WOODHOUSE: Yes, your Honor. Understood.
25 THE COURT: I considered now Judge Real has told you.
26 MR. WOODHOUSE: Yes, your Honor.
27 THE COURT: I thought that, you know, implicit in my first order that you would be
28 warned off. Mr. Mulloy has requested sanctions during the course of this hearing. I don't

| | |
|---|---|
| 1 | deem that to be sufficient notice. I'm telling you now. |
| 2 | MR. WOODHOUSE: Yes, your Honor. Understood, your Honor. |
| 3 | THE COURT: You file another repetitious motion, and -- in fact, I'm going to give you |
| 4 | this as well: I'm going to report you to the State Bar. |
| 5 | MR. WOODHOUSE: Yes, your Honor. Understood, your Honor. |
| 6 | THE COURT: A lot of this conduct is reprehensible -- |
| 7 | MR. WOODHOUSE: Yes, your Honor -- |
| 8 | THE COURT: -- threatening a litigant during the course of litigation in order to coerce a |
| 9 | settlement based upon lies -- yes, lies -- that you had received a default judgment for |
| 10 | several hundred million dollars, okay? Your ticket is going to be in jeopardy. |
| 11 | MR. WOODHOUSE: Yes, your Honor. Understood, your Honor. |

(Case No. 14-8985, Feb. 2, 2015 Hearing Tr., Dkt. No. 111 at 49:7-50:17). On February 24, 2015, Plaintiff received yet another warning regarding the consequences of wasting the scarce resources of the court by filing frivolous motions. (Case No. 14-8985, Dkt. No. 129). Plaintiff was specifically instructed "to file no more motions to reassign…or any other motions for that matter in this closed case." Id. Plaintiff has clearly been warned of the risk of being declared a vexatious litigant. Plaintiff has thus been placed on notice and the requirements of due process have been satisfied.

To satisfy the second of *DeLong's* factors, the court must compile an adequate record for review. *DeLong*, 912 F.2d at 1147. An adequate record for review should include a "listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." Id. (*citing Martin-Trigona v. Lavien*, 737 F.2d 1254, 1270-74 (2d Cir. 1984)). At the very least, the record "needs to show, in some manner, that the litigant's activities were numerous or abusive." *DeLong*, 912 F.2d at 1147.

Here, Plaintiff has brought two different actions against Nike, Inc., CV 14-7153 (hereinafter "7153 Action") and CV 14-8985 (hereinafter "8985 Action"). Plaintiff filed the 7153 Action on September 12, 2014. Plaintiff's principle allegation against Nike, Inc. was that Nike, Inc.'s logo "Nike F.C." infringed Plaintiff's soccer brand "St. Thomas F.C." Plaintiff filed its

1  Complaint in the 7153 Action alleging the following six causes of action: (1) intentional
2  interference with contractual relations; (2) intentional interference with prospective economic
3  relations; (3) negligence; (4) commercial misappropriation; (5) invasion of privacy; and (6) unfair
4  competition and trade practices.
5      Before Nike, Inc. had been given an opportunity to file a responsive pleading, or conduct
6  any discovery whatsoever, Plaintiff filed a premature motion for summary judgment on October 2,
7  2014. The motion was denied, and Nike, Inc. timely filed a motion to dismiss the case on October
8  7, 2014. (Case. No. 14-7153, Dkt. No. 12). One day after Nike, Inc. timely filed a responsive
9  pleading in the 7153 Action, Plaintiff filed its first of five frivolous motions for default judgment.
10  (Case No. 14-7153, Dkt. No.'s 24, 16, 20, 30, 35). These five motions for default judgment were
11  all filed between October 8, 2014 and October 19, 2014. Each of these motions was denied, as
12  Nike, Inc. had timely filed its Motion to Dismiss on October 7, 2014.
13      On November 19, 2014, this Court dismissed Plaintiff's Complaint with prejudice, finding
14  that Plaintiff's Complaint failed to allege any cognizable legal theory that could support liability
15  against Nike, Inc. (Case No. 14-7153, Dkt. No. 49). Undeterred by the Court's ruling, on
16  December 4, 2014, Plaintiff filed its first of six motions to re-open the case or vacate the order
17  dismissing the case. (Case No. 14-7153, Dkt. No.'s 54, 56, 58, 74, 83, 107). Plaintiff filed these
18  six motions between December 4, 2014 and February 23, 2015, each time relying on articles from
19  the internet which were wholly unrelated to the facts of the case, to argue Nike, Inc. stole
20  Plaintiff's soccer brand. Each of Plaintiff's six motions to re-open the case or vacate the order
21  dismissing the case repeated the same baseless arguments already rejected by this Court.
22      During this same 2-3 month period, Plaintiff filed a motion with the U.S. Marshal's office
23  to compel all documents and records pertaining to improper contact by Nike's agent, and two
24  motions to reassign the case to a new judge. (Case No. 14-7153, Dkt. No.'s 62, 66, 83). The
25  Honorable Otis D. Wright, II, denied both motions to reassign the case finding that there was "not
26  even the pretense that Judge Real is biased as a result of information from an extrajudicial source."
27  (Case No. 14-7153, Dkt. No. 104).
28      The day after this Court dismissed the 7153 Action, on November 20, 2014, Plaintiff filed

1  a second action against Nike, Inc., alleging that Nike, Inc. violated antitrust laws through its sales
2  practices. Plaintiff's Complaint in the 8985 Action, contained many of the same flawed
3  allegations as the 7153 Action, with the addition of causes of action for antitrust and RICO
4  violations. Specifically, Plaintiff alleged the following six causes of action: (1) intentional
5  interference with contractual relations; (2) intentional interference with prospective economic
6  relations; (3) negligence; (4) vertical and horizontal price fixing; (5) civil RICO under California
7  law; and (6) unfair competition and trade practices.
8        On December 11, 2014, Nike, Inc. timely filed a motion to dismiss the 8985 Action. On
9  that very same day, Plaintiff filed a series of motions seeking default judgment including:
10      Dkt. No. 43: Request for Entry of Default Judgment
11      Dkt. No. 44: Motion for Default Judgment
12      Dkt. No. 46: Second Request for Entry of Default Judgment
13      Dkt. No. 47: Second Amended Motion for Default Judgment
14  The following day, on December 12, 2014, Plaintiff filed the following motion:
15      Dkt. No. 50: Fourth Amended Motion for Default Judgment
16  Ten days later, on December 22, 2014, Plaintiff filed another motion for default judgment:
17      Dkt. No. 66: Fifth Amended Motion for Default Judgment
18  The next day, December 23, 2014, Plaintiff filed its seventh motion seeking default judgment:
19      Dkt. No. 72: Sixth Amended Motion for Default Judgment
20  Each of these motions for default judgment was patently frivolous and a waste of resources since
21  Nike, Inc. had clearly filed a timely responsive pleading in the 8985 Action.
22        Plaintiff filed a meritless motion to vacate Nike, Inc.'s notice of related cases on
23  December 12, 2014 (Case. No. 14-8985, Dkt. No. 49), and then followed it up with two motions
24  for judicial reassignment (Case No. 14-8985, Dkt. No.'s 77, 82). The Honorable Otis D. Wright,
25  II, denied both motions to reassign the case finding "Plaintiff has utterly failed in his second and
26  hopefully final baseless effort to secure reassignment of this matter to a new judge. The only real
27  difference between this effort and the first is the addition of more words. But not one bit more in
28  terms of logic, reason or the law." (Case No. 14-8985, Dkt. No. 113).

1    After Plaintiff's First Amended Complaint was dismissed with prejudice on February 18,
2    2015, Plaintiff filed a meritless motion to vacate the Court's order dismissing the case, and another
3    motion for judicial reassignment. (Case No. 8985, Dkt. No. 125). Again, the Honorable Otis D.
4    Wright, II, denied Plaintiff's motion for reassignment, reasoning that "no amount of mental
5    dexterity by the court could successfully divine precisely how Judge Real had been shown to be
6    biased by the conduct of defense counsel."

7    Based on the foregoing, the Court is satisfied that it has compiled an adequate record for
8    review showing that the litigant's activities were both numerous and abusive, such that the second
9    of *DeLong's* factors has been satisfied.

10   The third factor set forth by *DeLong* gets to the heart of the vexatious litigant analysis,
11   inquiring whether the district court made "substantive findings as to the frivolous or harassing
12   nature of the litigant's actions." *DeLong*, 912 F.2d at 1148. To decide whether the litigant's
13   actions are frivolous, the court must "look at both the number and content of the filings as indicia
14   of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at1059 (*quoting DeLong*, 912 F.2d
15   at 1148). "The plaintiff's claims must not only be numerous, but also be patently without merit."
16   *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). As an alternative to frivolousness, the
17   district court may make an alternative finding that the litigant's filings "show a pattern of
18   harassment." *DeLong*, 912 F.2d at 1148. However, courts must "be careful not to conclude that
19   particular types of actions filed repetitiously are harassing," and must "[i]nstead . . . 'discern
20   whether the filing of several similar types of actions constitutes an intent to harass the defendant or
21   the court.'" *Id.* at 1148, n.3.

22   Here, Plaintiff filed baseless motion after baseless motion in its two cases against Nike,
23   Inc., each seeking to default Nike, Inc., to re-open the case, to vacate the Court's orders, or to
24   reassign the case. In these two actions, Plaintiff filed a total of twelve motions for default
25   judgment, seven motions to re-open the case or vacate the Court's orders, and five motions for
26   judicial reassignment. Plaintiff was warned repeatedly that the filing of frivolous motions would
27   result in the imposition of sanctions, as well as a pre-filing condition.
28   Specifically, the Court dismissed both the 7153 Action and 8985 Action with prejudice for

1   failing to allege any cognizable legal theory that could support liability against Nike, Inc. The
2   Court then denied Plaintiff's numerous motions for default, making it abundantly clear that Nike,
3   Inc. had timely filed a responsive pleading, and that default was not warranted. Furthermore, the
4   Court denied Plaintiff's motions to re-open the 7153 Action and 8985 Action, as Plaintiff wholly
5   failed to meet its burden of showing the re-opening of either case was warranted under the Federal
6   Rules of Civil Procedure. Finally, the Honorable Otis D. Wright, II, concluded that Plaintiff
7   utterly failed to show reassignment of either action was warranted. Judge Wright found that
8   Plaintiff's actions were "multiplying this litigation and needlessly causing Defendant additional
9   expense in responding to baseless motions which have repeatedly been adjudicated." (Case. No.
10  14-8985, Dkt. No. 125).
11          Therefore, frivolous and harassing nature of Plaintiff's actions are clear, such that the third
12  factor set forth by *DeLong* has been satisfied.
13          The fourth and final factor of the *DeLong* standard is that the pre-filing order must be
14  narrowly tailored to the vexatious litigant's wrongful behavior. In *DeLong*, the Ninth Circuit held
15  overbroad an order preventing plaintiff from filing any suit in a particular district court. *DeLong*,
16  912 F.2d at 1148. Likewise, in *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990), the Ninth
17  Circuit held that "an order requiring a plaintiff to show good cause before making any request to
18  proceed in forma pauperis was not narrowly tailored." *O'Loughlin*, 920 F.2d at 618.
19          By contrast, in *Molski*, the Ninth Circuit affirmed as narrowly tailored an order that
20  prevented the plaintiff from filing certain causes of action that he had repeatedly filed without the
21  permission of the court. The Ninth Circuit concluded it was narrowly tailored because it did not
22  completely deny access to the courts for non-frivolous claims.
23          Here, after considering a multitude of remedies, including a pre-filing requirement and
24  sanctions, the Court determines that a pre-filing requirement is the proper remedy to curb
25  Plaintiff's frivolous motions practice. Even though both the 7153 Action and 8985 Action have
26  been dismissed with prejudice and administratively closed, and Plaintiff's counsel has been
27  sanctioned under Federal Rule of Civil Procedure 11, Plaintiff shows no signs of ceasing its
28  harassment of Nike, Inc. It appears that nothing short of a pre-filing condition will stop Plaintiff's

1  frivolous filings.  Such relief is warranted given Plaintiff's history of numerous frivolous filings
2  despite several warnings from this Court.  It does not appear to the Court that additional sanctions,
3  such as those previously imposed, would have any effect; a pre-filing order is thus the proper
4  remedy to curb Plaintiff's frivolous litigation.
5       Here, the Court has narrowly tailored the order to fit the context of this litigation.  Plaintiff
6  will need permission from this Court prior to filing any action that arises from or relates to
7  Havensight Capital LLC and its brand "St. Thomas F.C." against Nike, Inc.  The Court will
8  approve all filings that it deems to be not duplicative and not frivolous.
9       **IT IS HEREBY ORDERED** that Plaintiff Havensight Capital is declared a vexatious
10 litigant, subject to this Order.
11 Dated: April 22, 2015.

    _____
    MANUEL L. REAL
    UNITED STATES DISTRICT JUDGE

16 CC: civil intake