KRISTIN LINSLEY MYLES (State Bar No. 154148)
kristin.myles@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

ERIC C. TUNG (State Bar No. 275063)
eric.tung@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAVENSIGHT CAPITAL LLC,<br>Plaintiff,<br>vs.<br>GOOGLE INC., DOES 1 to 10,<br>Defendants. | Case No. 2:15-cv-05297-PSG-AS<br><br>**RESPONSE TO PLAINTIFF'S AMENDED *SHOW OF CAUSE STATEMENT, REQUEST FOR SECOND JUDICIAL NOTICE*, AND *EX PARTE APPLICATION TO STRIKE DEFENDANT'S* UNTIMELY REPLY TO ITS *MOTION TO DISMISS* FILING**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: October 19, 2015<br>Time: 1:30 P.M.<br>Ctrm: 880 |

Plaintiff's amended response to this Court's Order to Show Cause does not offer facts or evidence sufficient for this Court to conclude that it has subject-matter jurisdiction. Accordingly, the action must be dismissed.[1]

---

[1] Plaintiff's original response was stricken by the Court because the case number and title were incorrect and the hearing information was missing. *See* Dkt. No. 28.

As the Court recognized, the only basis for federal subject-matter jurisdiction that is alleged in the Complaint is diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Dkt. No. 24; Dkt. No. 15, ¶ 1. In order to determine whether it has subject-matter jurisdiction in this case under Ninth Circuit law, the Court "must consider the citizenship of each of Havensight's members." Dkt. No. 24 (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens"). Noting that the Complaint "deliberately avoids divulging this information," the Court ordered Plaintiff to show cause why this action should not be dismissed with prejudice and instructed Plaintiff to "identify the citizenship and residence of each of its members." Dkt. No. 24.

Plaintiff has not complied with the Court's order. In conclusory fashion, Plaintiff purports to "reaffir[m] that Havensight Capital, and its members, and incorporators are, both, residents of the USVI." Dkt. No. 29, p. 2. Plaintiff further states without elaboration that "the Incorporator of Havensight Capital LLC, Mr. Donovan Hamm, is a resident of the USVI, and so is its manager, and owner, Mr. Benjamin Woodhouse." *Id.* at 9. But these assertions do nothing to identify—let alone establish—the facts that would be necessary for this Court to conclude that it has subject-matter jurisdiction: "the *citizenship* . . . of each of [Havensight's] members." Residence, even it were established here, does not equate with citizenship; nor does Plaintiff either state that these individuals constitute all of the members of Plaintiff or even support its assertion that both reside in the Virgin Islands—an assertion that, at least with respect to Mr. Woodhouse, is contrary to the express findings of another judge in this district less than six months ago.

---

Plaintiff's amended response fixes the case number and title, but the hearing information is still missing.

As set out in Google's Motion to Dismiss (pp. 6–8), the evidence from the public record indicates that the Plaintiff, Havensight Capital, has only one member (Mr. Woodhouse), and that Mr. Woodhouse is a California citizen. In Plaintiff's prior action against Facebook, Judge Olguin relied upon this public record evidence to hold that that Plaintiff failed to show that Mr. Woodhouse, its sole member, is a citizen of the Virgin Islands. Specifically, the Court found that "Woodhouse's ties to California are far more significant;" that "Woodhouse has been domiciled in California in the past and intends to stay in California until the conclusion of the litigation;" that "Woodhouse went to law school in California, is a member of the California bar, and litigated numerous other actions in California;" that "Woodhouse has also held and may still hold a California real estate broker's license that expires in July 2016;" and that "Woodhouse has a car registered in California and has family in California." Declaration of Eric C. Tung, Ex. 14 at 10. Defendant Google is a California citizen. Because there is no diversity of citizenship between Google and Plaintiff's sole member, the case must be dismissed.

Plaintiff offers several arguments in an attempt to salvage a theory of subject-matter jurisdiction, but none has merit:

*First*, Plaintiff argues that this Court has "supplemental" jurisdiction under 28 U.S.C. § 1367. But alleging *supplemental* jurisdiction does nothing to establish this Court's original subject-matter jurisdiction. *See* 28 U.S.C. § 1367(a) (federal district courts "shall have supplemental jurisdiction" over related claims only in a "civil action *of which the district courts have original jurisdiction*") (emphasis added). In its Complaint, Plaintiff alleges diversity of citizenship and 28 U.S.C. § 1332 as the sole basis for "original" jurisdiction. *See* Dkt. No. 15, ¶ 1; Dkt. No. 3 (Civil Cover Sheet). Because there is no diversity of citizenship, an assertion of supplemental jurisdiction is simply irrelevant.

*Second*, Plaintiff suggests in its OSC response that it has pled federal subject-matter jurisdiction—stating that it has "allege[d] torts, under multiple Federal

statutes, including but not limited to, *the Sherman Act*, and statutes under the *Federal Commercial Business Code*." Dkt. No. 29, pp. 2, 9. But such hints of a federal claim are not enough to demonstrate subject-matter jurisdiction, particularly where, as here, the plaintiff fails to invoke federal question jurisdiction in its complaint. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction[.]"); *Luckey v. Visalia Unified Sch. Dist.*, No. 1:13-CV-00332-AWI, 2013 WL 1451519, at *4 (E.D. Cal. Apr. 9, 2013) ("complaint must include allegations pertaining to jurisdiction"). Plaintiff's reference to "the Federal statu[t]e governing Unfair business practices"—whatever that may mean—is not supported by the actual allegations in the Complaint, which invoke only the *California* unfair practices statute. And although the Complaint does refer to the Sherman Act, it does so only as one of several predicates for its claim "*[u]nder California's Unfair Competition Law*"—confirming that the actual cause of action arises under *state*, not federal law. *See* Compl. 21–22 (emphasis in original, citing Cal. Bus. & Prof. Code § 17200).

As an initial matter, Plaintiff's purported claim of a federal law violation is "wholly insubstantial and frivolous" (*see* Mot. to Dismiss, pp. 20–22) and "immaterial and made solely for the purpose of obtaining jurisdiction." Under *either* ground, this Court "may dismiss [the action] for lack of subject matter jurisdiction." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012); *see also Erum v. Cnty. of Kauai*, 369 F. App'x 843, 843 (9th Cir. 2010) (affirming dismissal of complaint without leave to amend for lack of subject-matter jurisdiction, where plaintiff had failed to obtain diversity jurisdiction and attempted to amend his complaint to allege a federal claim that "was frivolous and not colorable"). It is clear that Plaintiff's purported federal claim is *both* frivolous *and* manufactured solely to obtain jurisdiction: In its Complaint, Plaintiff did not even bother to invoke federal question jurisdiction or to allege any relevant

anticompetitive agreement or act of monopolization under the Sherman Act. And while Plaintiff now makes a meager (and inadequate) attempt to conjure up federal question jurisdiction, it did so *only after* the issuance of an OSC questioning this Court's jurisdiction on the basis of diversity of citizenship. Plaintiff's attempted manipulation of this Court's jurisdiction should be rejected.

Moreover, even if Plaintiff's claim of a federal violation were substantial, the Ninth Circuit has made clear that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003). Where "a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal theory—federal question jurisdiction does not attach." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996); *see also French v. Greenpoint Mort. Funding, Inc.*, No. C 09-5726 PJH, 2010 WL 668037, at *4-5 (N.D. Cal. Feb. 19, 2010) (no federal question jurisdiction where claim under California's unfair competition law was based on state law and federal law theories); *Culannay v. Freddie Mac Fixed to Floating Rate Non Cumulative Perpetual Preferred Stock*, No. C 12-03120 LB, 2012 WL 5499927, at *3-4 (N.D. Cal. Nov. 13, 2012) (same; citing cases). Plaintiff's UCL claim here, at most, involves state and federal theories serving as "alternative and independent" predicates for the state law claim. *See* Mot. to Dismiss at p. 20. This is insufficient to create federal question jurisdiction.

*Third*, Plaintiff asserts that Google's Reply is untimely—an assertion that not only is insufficient to create federal subject-matter jurisdiction, but is also incorrect. Under this Court's local rules, the last day to file the Reply was October 5—fourteen days before the scheduled hearing on October 19. *See* L.R. 7-10. Plaintiff's reliance on Rule 6 for the proposition that the Court counts "neither" the triggering event nor the final day is simply incorrect: Rule 6 explicitly states that the triggering date (in this case, the hearing date, October 19) is not counted, but the

filing date (October 5) is counted. *See* Fed. R. Civ. P. 6(a)(1)(A) & (C). Google's Reply, filed on October 5, is timely.[2]

*Finally*, Plaintiff repeats the argument made in its Opposition—that this Court should "default" Google because of a "material conflict." *See* Dkt. No. 29, pp. 7, 11. This argument does not bear upon the question of subject-matter jurisdiction. And as explained in Google's Reply (pp. 11–13), there is no authority for the Court to "default" Google based on an alleged conflict; Plaintiff lacks standing to challenge any alleged conflict; and in any event, there is no conflict of interest.

Defendant respectfully submits that this action should be dismissed.

DATED: October 8, 2015

MUNGER, TOLLES & OLSON LLP
Kristin Linsley Myles
Eric C. Tung

By: */s/ Kristin Linsley Myles*
Kristin Linsley Myles
Attorneys for Defendant GOOGLE INC.

[2] Moreover, Plaintiff's application for *ex parte* relief based on the alleged untimeliness of the Reply is clearly not warranted. Plaintiff fails to show—or even allege in a declaration (as required by this Court)—that it would be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). This Court "allows *ex parte* applications solely for extraordinary relief" and "sanctions may be imposed for misuse of *ex parte* applications." *McVay v. FedEx Ground, et al.*, 2003 WL 22769080, at *2 (C.D. Cal. 2003).